### CIFUNE v. FISS, DOERR & CARROLL HORSE CO.

(Supreme Court, Appellate Term, First Department.    March 30, 1916.)

SALES ☞441(3)—BREACH OF WARRANTY—SUFFICIENCY OF EVIDENCE.

    Evidence in an action for the breach of a warranty that the horse sold by defendant to plaintiff was kind, *held* not to show the vicious character of the horse sold.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1279, 1280; Dec. Dig. ☞441(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joe Cifune against the Fiss, Doerr & Carroll Horse Company. From a judgment granted in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

J. Campbell Thompson, of New York City (M. O. Garner, of New York City, of counsel), for appellant.

Herman A. Schoenfield, of New York City, for respondent.

DELEHANTY, J. I do not think the record shows any breach of the conceded warranty in this case. The sole question litigated upon the trial was whether a "kind" horse, as warranted, was sold by defendant to plaintiff. The only proof in that respect is to the effect that on the day of the purchase in question, and shortly thereafter, plaintiff hitched the horse to a wagon, and when he had proceeded as far as Varick and Canal streets "the horse started to go; he started to get wild, and he [plaintiff] could not control him; that he [plaintiff] had been driving horses for 14 years; that as he got to Hudson and Canal a big truck was coming along, and he could not stop the horse, and the horse ran into the truck."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

While not denying the inference to be drawn from this testimony, I think, standing alone, it goes far from proving a vicious character in the horse. It must be conceded that there are intervening causes which might turn an otherwise gentle horse into a runaway. I think it was the duty of the plaintiff to show that without any apparent cause or reason the horse ran away under the circumstances testified to. This he failed to do, and in view of the uncontradicted testimony that the horse was an old one, anywhere from 12 to 16 years of age, and had never shown any vicious habits during that time, I am of the opinion that something other than viciousness was the cause of his escapade on the occasion in question.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.